IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CODY GUNTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-cv-558 |
| | § | |
| INNOVATIVE TCS, LLC (a/k/a InnoTech), | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Cody Gunter ("Plaintiff") files this Complaint against Innovative TCS, LLC (a/k/a InnoTech) ("Defendant"), showing in support as follows:

### I.    NATURE OF THE CASE

1.    This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA/PPPA") for Defendant's failure to pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 during each seven-day workweek as an employee of Defendant.

2.    Plaintiff is employed by Defendant as a help desk technician. Plaintiff's dates of employment with Defendant are approximately January 1, 2017 to present. Defendant paid Plaintiff on a purported salary basis in addition to incentive-based bonus pay. Plaintiff routinely worked more than 40 hours in a typical seven-day workweek but was not paid time and one-half his regular rate of pay for any such hours worked over 40. That failure to pay Plaintiff overtime premium pay for all overtime hours worked is a violation of the FLSA/PPPA.

*Plaintiff's Original Complaint – Page* 1

3.      Plaintiff files this lawsuit individually and seeks all damages available under the FLSA/PPPA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II.      THE PARTIES, JURISDICTION, AND VENUE

### A.      Plaintiff Cody Gunter

4.      Plaintiff is a natural person who resides in Dallas County, Texas. He has standing to file this lawsuit.

5.      Plaintiff is and has been employed by Defendant since approximately January 1, 2017.

6.      Plaintiff is and was employed by Defendant in Dallas County, Texas.

7.      By filing this lawsuit and complaint, Plaintiff consents to be a party plaintiff to this FLSA/PPPA action pursuant to 29 U.S.C. § 216(b).

### B.      Defendant Innovative TCS, LLC (a/k/a InnoTech)

8.      Defendant is a domestic limited liability company.

9.      During all times relevant, Defendant has done business in the State of Texas.

10.     Defendant is registered with the Texas Secretary of State to conduct business operations in Texas.

11.     At all times between March 10, 2018 to present, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

12.     At all times between March 10, 2018 to present, Defendant employed, and continues to employ, two or more employees.

13.     At all times between March 10, 2018 to present, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods and/or materials that have been moved in and/or produced for commerce by any person.

14.     For example, Defendant employed two or more employees who regularly handled, sold, and/or otherwise worked on goods and/or materials in their daily work that are/were moved in and/or produced for commerce. Examples of such goods and/or materials include computers, computer monitors, computer-related devices, internet related devices, computer cables, internet cables, phones, and office equipment.

15.     On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

16.     Defendant may be served with summons through its registered agent, Anthony Aaron Meledeo, 9856 Baltic Lane, Frisco, Texas 75035.

**C.     Jurisdiction and Venue**

17.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

18.     The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

19.     During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

20.     The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely the FLSA/PPPA.

*Plaintiff's Original Complaint – Page 3*

21.     Venue is proper in this Court because Plaintiff worked for Defendant in Dallas County, Texas. Furthermore, Defendant's principal place of business is in Dallas County, Texas.

### III.     FACTUAL BACKGROUND

22.     Defendant provides IT goods, services, and/or support to customers in Texas and states other than Texas.

23.     As of the date this lawsuit is filed, Plaintiff is an employee of Defendant and has been employed by Defendant since approximately January 1, 2017.

24.     Plaintiff works for Defendant at 13747 Montfort Drive, Suite 190, Dallas, Texas 75240.

25.     At all times between March 10, 2018 to present, Plaintiff is and has been employed by Defendant as a help desk technician.

26.     Plaintiff is and was paid on a purported salary basis by Defendant.

27.     Defendant also paid Plaintiff performance-based bonuses.

28.     Defendant informs/informed Plaintiff of the opportunity for those bonuses prior to him performing the work which results/resulted in those bonuses being paid.

29.     Plaintiff routinely works and worked more than 40 hours in a typical seven-day workweek but is not and was not paid time and one-half his regular rate of pay for any such hours worked over 40.

30.     Defendant's failure to pay Plaintiff time and one-half his regular rate of pay for each and every hour worked over 40 in all applicable seven-day workweeks is a violation of the FLSA/PPPA.

### IV.     CONTROLLING LEGAL RULES

31.     The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in

an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

32.     "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

33.     Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

34.     The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

35.     With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

36.     Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216(b).

## V.  FLSA/PPPA CLAIMS

37.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

38.    Defendant is and/or was an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

39.    Defendant is and/or has been an enterprise engaged in commerce under the FLSA/PPPA. 29 U.S.C. § 203(s)(1)(A).

40.    Plaintiff is and has been an employee of Defendant pursuant to the FLSA/PPPA. 29 U.S.C. § 203(e).

41.    Plaintiff is and was a covered employee under 29 U.S.C. § 207(a)(1).

42.    Plaintiff routinely engages in and has engaged in commerce as an employee of Defendant relative to Defendant's business operations. 29 U.S.C. § 207(a)(1).

43.    Plaintiff is and was paid on a purported salary basis by Defendant.

44.    Defendant also paid Plaintiff incentive-based bonus pay.

45.    Plaintiff routinely works and/or worked in excess of 40 hours per seven-day workweek as an employee of Defendant.

46.    Defendant is and/or was required to pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

47.    Defendant is and/or was required by the FLSA/PPPA to include the bonuses it paid Plaintiff in calculating his regular rate of pay.

48.    Defendant does not and did not pay Plaintiff time and one-half his regular rate of pay for any hours worked over 40 in any workweek.

49.    The failure of Defendant to pay Plaintiff time and one-half his regular rate of pay for each and every hour worked over 40 in a seven-day workweek is a violation of the FLSA/PPPA.

50.     Defendant did not and does not keep an accurate record of the daily hours worked by Plaintiff as an employee of Defendant.

51.     Defendant did not and does not keep an accurate record of the hours worked during each seven-day workweek by Plaintiff as an employee of Defendant.

52.     Defendant's violations of the FLSA/PPPA are and/or were willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant is and was aware that Plaintiff regularly worked more than 40 hours per seven-day workweek without being paid any overtime premium pay for those overtime hours worked.

53.     Plaintiff seeks all damages available for Defendant's failure to timely pay all overtime wages owed.

## VI.     JURY DEMAND

54.     Plaintiff demands a jury trial.

## VII.     DAMAGES AND PRAYER

55.     Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff be awarded a judgment against Defendant and/or order(s) from the Court for the following:

    a.   All damages allowed by the FLSA/PPPA, including back overtime wages;

    b.   Liquidated damages in an amount equal to back FLSA/PPPA wages;

    c.   Legal fees;

    d.   Costs;

    e.   Post-judgment interest; and/or

    f.   All other relief to which Plaintiff is justly entitled.

Date: March 10, 2021.

Respectfully submitted,

By: s/ Allen R. Vaught
   Allen R. Vaught
   Attorney-In-Charge
   TX Bar No. 24004966
   Vaught Firm, LLC
   1910 Pacific Ave., Suite 9150
   Dallas, Texas 75201
   (972) 707-7816 – Telephone
   (972) 591-4564 – Facsimile
   avaught@txlaborlaw.com

ATTORNEY FOR PLAINTIFF

*Plaintiff's Original Complaint – Page* 8